JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Colby A. Petersen, Esq. SBN 274387
cpetersen@jrsnd.com
10866 Wilshire Boulevard, Suite 1550
Los Angeles, CA  90024
Telephone:  (310) 446-9900
Facsimile:  (310) 446-9909

Attorneys for Plaintiffs BRIAN A. MILLER, SKY HARBOR FILMS, LLC, CRAIG FAIRBRASS, and ONE TOUCH FILMS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN A. MILLER, an individual; SKY HARBOR FILMS, LLC, a California Limited Liability Company; CRAIG FAIRBRASS, an individual; and ONE TOUCH FILMS, INC, a California Corporation;<br><br>        Plaintiffs,<br><br>  vs.<br><br>ZG ENTERTAINMENT, INC., a California Corporation; OUTSIDER FILM, LLC, a Louisiana Limited Liability Company; MARK HOLDER, an individual; CHRISTINE HOLDER, an individual; ZERO GRAVITY MANAGEMENT, an unknown entity; PREMIERE ENTERTAINMENT GROUP, LLC, a California Corporation; HOLLYWOOD MEDIA BRIDGE, LLC, a California Corporation; IMAGE ENTERTAINMENT GROUP, INC., a California Corporation; ELIAS AXUME, an individual; JAMES T. BRUCE IV, an individual; JACK CAMPBELL, an individual; PHILLIP | **Case No.: 2:14-cv-05840**<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN CONTRACT;**<br>2. **BREACH OF WRITTEN CONTRACT**<br>3. **BREACH OF ORAL CONTRACT;**<br>4. **BREACH OF FIDUCIARY DUTY;**<br>5. **FRAUD;**<br>6. **COPYRIGHT INFRINGEMENT;**<br>7. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>8. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>9. **DECLARATORY JUDGMENT;**<br>10. **ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Case No.:  2:14-cv-05840
File No.:  3.104.003

1

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

B. GOLDFINE, an individual; JASON
HEWITT, an individual; RYAN
NOTO, an individual; BENJAMIN
SACKS, an individual; BRYAN
SEXTON, an individual; R. BRYAN
WRIGHT, an individual; DOES 1-50,
inclusive;

          Defendants.

Plaintiffs BRIAN A. MILLER, SKY HARBOR FILMS, LLC, CRAIG FAIRBRASS, and ONE TOUCH FILMS, INC, (hereafter collectively referred to as "Plaintiffs") allege as follows:

## THE PARTIES

1.    Plaintiff BRIAN A. MILLER (herein after "MILLER") is, at all relevant times, an individual residing in the City and County of Los Angeles, State of California.

2.    Plaintiff SKY HARBOR FILMS, LLC ("SKY HARBOR") is, at all relevant times, a California limited liability company formed and existing in the State of California with its principal place of business located in the City of Los Angeles, State of California.

3.    SKY HARBOR is owned and operated by MILLER and serves as his loan-out company.

4.    Plaintiff CRAIG FAIRBRASS (hereinafter "FAIRBRASS") is, at all relevant times, an individual residing in the City of London, in the Country of England.

5.    Plaintiff ONE TOUCH FILMS, INC. (herein after "ONE TOUCH") is, at all relevant times, a corporation formed and existing in the State of California with its principal place of business located in the City and County of Los Angeles, State of California.

6.    ONE TOUCH is owned and operated by FAIRBRASS and serves as his loan-out company.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

7.     Plaintiffs are informed and believe that Defendant ZG Entertainment, Inc., ("ZGE") is a California formed corporation with its principal place of business, according to the California Secretary of State, located in the City of Sherman Oaks, County of Los Angeles, State of California.

8.     Plaintiffs are informed and believe that Defendant Outsider Film, LLC ("OUTSIDER") is a limited liability company formed in the State of Louisiana, with its principal place of business located at 9255 Sunset Boulevard, Suite 1010 in the City and County of Los Angeles, State of California.

9.     Plaintiffs are informed and believe that Defendant Mark Holder ("MARK") is an individual who, at all relevant times stated herein, lived and worked in the County of Los Angeles, State of California.

10.     Plaintiffs are informed and believe that Defendant Christine Holder ("CHRISTINE") is an individual who, at all relevant times stated herein, lived and worked in the County of Los Angeles, State of California.

11.     Plaintiffs are informed and believe that Defendant Zero Gravity Management ("ZGM") is an unknown business entity with its principal place of business located at 9255 Sunset Boulevard, Suite 1010 in the City and County of Los Angeles, State of California.

12.     Plaintiffs are informed and believe that MARK and CHRISTINE are partners and/or principles and owners of Defendant ZGM, are the managing members of Defendant OUTSIDER, and are controlling officers and owners of Defendant ZGE. Furthermore, MARK and CHRISTINE are credited in their individual capacities as Producers of *The Outsider*.

13.     Plaintiffs are informed and believe that Defendant PREMIERE ENTERTAINMENT GROUP, LLC ("PREMIERE") is a limited liability company formed and existing under the laws of the State of California with its principal place of business located in the City and County of Los Angeles, State of California.

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

14. Plaintiffs are informed and believe that Defendant PREMIERE is the foreign sales agent for the movie *The Outsider* and has exploited said movie for profit and generated sales thereof.

15. Plaintiffs are informed and believe that Defendant HOLLYWOOD MEDIA BRIDGE, LLC ("HMB") is a limited liability company formed and existing under the laws of the State of California with its principal place of business located in the City and County of Los Angeles, State of California.

16. Plaintiffs are informed and believe that Defendant HMB is credited as an executive producer in its official capacity for the movie *The Outsider*..

17. Plaintiffs are informed and believe that Defendant IMAGE ENTERTAINMENT, INC. ("IMAGE") is a California formed corporation, and according to the California Secretary of State, has its principal place of business in the City of Woodland Hills, County of Los Angeles, State of California.

18. Plaintiffs are informed and believe that Defendant IMAGE is the North American sales agent for the movie *The Outsider* and has exploited said movie for profit and generated sales thereof.

19. Plaintiffs are informed and believe that Defendant ELIAS AXUME ("AXUME") is an individual who resides and works in the City and County of Los Angeles, State of California. Defendant AXUME is credited in his individual capacity as an Executive Producer of *The Outsider*.

20. Plaintiffs are informed and believe that Defendant JAMES T. BRUCE IV ("BRUCE") is an individual who resides and works in the City of New Orleans, County of Orleans, State of Louisiana. Defendant BRUCE is credited in his individual capacity as an Executive Producer of *The Outsider*.

21. Plaintiffs are informed and believe that Defendant JACK CAMPBELL ("CAMPBELL") is an individual who resides and works in the City and County of Los Angeles, State of California. Defendant CAMPBELL is credited in his individual capacity as an Executive Producer of *The Outsider*.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA  90024
Tel.: 310.446.9900 • Fax: 310.446.9909

22.    Plaintiffs are informed and believe that Defendant PHILLIP B. GOLDFINE ("GOLDFINE") is an individual who resides and works in the City and County of Los Angeles, State of California.  Defendant GOLDFINE is credited in his individual capacity as an Executive Producer of *The Outsider*.

23.    Plaintiffs are informed and believe that Defendant JASON HEWITT ("HEWITT") is an individual who resides and works in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana.  Defendant HEWITT is credited in his individual capacity as an Executive Producer of *The Outsider*.

24.    Plaintiffs are informed and believe that Defendant RYAN NOTO ("NOTO") is an individual who resides and works in the City and County of Los Angeles, State of California.  Defendant NOTO is credited in his individual capacity as an Executive Producer of *The Outsider*.

25.    Plaintiffs are informed and believe that Defendant BENJAMIN SACKS ("SACKS") is an individual who resides and works in the City and County of Los Angeles, State of California.  Defendant SACKS is credited in his individual capacity as an Executive Producer of *The Outsider*.

26.    Plaintiffs are informed and believe that Defendant BRYAN SEXTON ("SEXTON") is an individual who resides and works in the City and County of Los Angeles, State of California.  Defendant SEXTON is credited in his individual capacity as an Executive Producer of *The Outsider*.

27.    Plaintiffs are informed and believe that Defendant R. BRYAN WRIGHT ("WRIGHT") is an individual who resides and works in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana.  Defendant WRIGHT is credited in his individual capacity as an Executive Producer of *The Outsider*.

28.    Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants identified in the caption hereinabove as Does 1 through 50, inclusive, is in some manner responsible or legally liable for the actions, damages, events, transactions, and occurrences alleged herein. The true names and

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

capacities of such fictitiously named Defendants, whether individual, corporate, associated or otherwise, are presently unknown to Plaintiffs. Plaintiffs will timely amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference herein to the Defendants collectively shall also refer to the Doe Defendants and each of them. Finally, Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, each of the Defendants was the agent, Co-Conspirator and/or representative of each of the other Defendants herein during the events alleged; that at all times relevant hereto each of the Defendants was acting within the course and scope of such agency, conspiracy or representation, and that each of the Defendants is jointly and severally responsible and liable for the damages that are herein alleged to have been sustained, except as otherwise alleged at the time of trial.

## **<u>VENUE AND JURISDICTION</u>**

29.    This Court has federal question jurisdiction because claims in this action arise under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et. seq*.

30.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338(a) and (b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).Venue is proper in this District pursuant to 18 U.S.C. § 1965 and 28 U.S.C. §§ 139l(b) and (c) and 1400(a). As herein alleged, this action arises out of willful, intentional, and unlawful conduct that each of the Defendants, their agents, or their Co-Conspirators either conducted or expressly targeted in various judicial districts within the United States and its territories, including this one, and knew or should have known would lead to the infliction of substantial harm in this state and in this judicial district. A substantial part of the transactions, occurrences, and events giving rise to Plaintiffs' claims occurred within this judicial district. Each of the Defendants named herein have minimum contacts with the United States, this state and this county, and are therefore subject to nationwide service of process under 18 U.S.C. § 1965(d).

///

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

## GENERAL ALLEGATIONS

31.     Plaintiff MILLER is a writer of feature films and a director of feature films and otherwise makes his living working in the entertainment industry.

32.     Plaintiff FAIRBRASS is an actor and otherwise makes his living working in the entertainment industry.

33.     Plaintiffs are informed and believe that Defendants MARK and CHRISTINE hold themselves out to the general public to be, amongst other things, talent managers.  As such MARK and CHRISTINE provide such management services under the unknown business entity ZGM.

34.     In or about 2009, MILLER, both through his loan out company SKY HARBOR and individually, engaged MARK and CHRISTINE as his/their managers for MILLER's entertainment related work. As such, both MARK and CHRISTINE purportedly provided MILLER and SKY HARBOR management services individually and through ZGM for which they were paid a commission.

35.     In or about 2009, FAIRBRASS, both through his loan out company ONE TOUCH and individually, engaged MARK and CHRISTINE as his/their managers for FAIRBRASS' entertainment related work. As such, both MARK and CHRISTINE purportedly provided FAIRBRASS and ONE TOUCH management services individually and through ZGM for which they were paid a commission.

36.     Plaintiffs are informed and believe that both MARK and CHRISTINE fancy themselves to be movie producers.  As such, both MARK and CHRISTINE formed the production company ZGE, of which Plaintiffs are informed and believe, is completely run, owned and controlled by MARK and CHRISTINE.

37.     MILLER is the writer of an original feature-length screenplay titled "*The Outsider*".

38.     On or about June 14, 2012, MILLER, based upon the advice of his managers MARK and CHRISTINE and ZGM, entered into a written Option/Purchase Agreement with ZGE, which MARK and CHRISTINE had their company ZGE prepare

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA  90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

and send to MILLER to sign.  Therein, ZGE agreed to option *The Outsider* from MILLER for the purchase price of $15,000.00 in fixed compensation, and contingent compensation of 2.5% of 100% net proceeds. A true and correct copy of said agreement as signed is attached hereto as **Exhibit "1"** and is made a part hereof by this reference.  Said agreement specifically states at paragraph 7 therein that MILLER's rights in *The Outsider only* transfer to ZGE *after* full and complete payment of the $15,000.00 purchase price is completed. As such, said agreement expressly states that ZGE has no rights whatsoever in *The Outsider* until said purchase price is completed.

39.     Plaintiffs are informed and believe, and thereon allege that, in or about September 2012, MARK and CHRISTINE formed OUTSIDER for the purpose of producing *The Outsider*, and as such made themselves the managing members thereof. Plaintiffs are further informed that said Option/Purchase Agreement was subsequently assigned to Defendant OUTSIDER in or about September 2012.

40.     MILLER is also a well established director of feature films. Thus, in or about October 2012, MILLER, on behalf of himself and SKY HARBOR, and based upon the advice of their managers MARK and CHRISTINE, entered into a written Director Agreement with OUTSIDER, which MARK and CHRISTINE had their company OUTSIDER prepare and send to MILLER to sign.  Therein, OUTSIDER agreed to pay SKY HARBOR for MILLER's director services in the amount of $50,000.00 in fixed compensation, and contingent compensation of 5% of 100% of adjusted gross proceeds.  A true and correct copy of said agreement as signed is attached hereto as **Exhibit "2"** and is made a part hereof by this reference.

41.     In or about October 2012, MARK and CHRISTINE orally contracted on behalf of OUTSIDER with FAIRBRASS' loan out company ONE TOUCH to have FAIRBRASS provide acting services in *The Outsider* for a salary of $30,000.00 plus expenses. FAIRBRASS on behalf of himself and ONE TOUCH agreed to this contract and performed by flying out to Louisiana to provide acting services.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

42.     Plaintiffs are informed and believe that once FAIRBRASS had traveled to Louisiana to perform his acting services, MARK and CHRISTINE informed FAIRBRASS that there was an issue with funding of the project, and they stated that they needed to pay for certain items on deferment.  As such, MARK and CHRISTINE advised FAIRBRASS as his managers that MARK and CHRISTINE would defer all compensation due to them and their entities if FAIRBRASS would agree to accept an advanced fee of $25,000 for the signing of a Screen Actors Guild ("SAG") agreement for chain of title of copyright purposes only, and then agree to defer payment of an increased salary of an additional $15,000.00 for a total of $40,000.00 plus expenses. In order to induce FAIRBRASS to enter into such an agreement, MARK and CHRISTINE represented that neither they personally, nor their entities (e.g. OUTSIDER, etc.), would accept a single penny of compensation until after FAIRBRASS was compensated under this new arrangement. Based on this representation by MARK and CHRISTINE, who were FAIRBRASS' managers and thus owed FAIRBRASS a fiduciary duty, FAIRBRASS orally agreed to a salary of $40,000.00 for his acting services, plus expenses, to be paid by way of an initial payment of $25,000.00 in advance and $15,000.00 to be paid on a deferred basis and before MARK or CHRISTINE or any of their entities were to be paid any compensation for their services related to the project *The Outsider*.   In addition, FAIRBRASS signed an incomplete SAG agreement that he was told by MARK and CHRISTINE was purely for chain of title purposes but would in no way affect OUTSIDER's obligation to pay FAIRBRASS $40,000.00 plus expenses.

43.     In addition, MARK and CHRISTINE, as managers for MILLER and SKY HARBOR, approached MILLER and asked MILLER to take a deferment of the monies due to MILLER by OUTSIDER and ZGE under said Purchase Agreement for MILLER's writing of the script for *The Outsider,* and for MILLER's director services provided through SKY HARBOR.  Both MARK and CHRISTINE stated that they would agree to defer any compensation due to them or any of their entities, and would

otherwise agree to not have either them or their entities receive or take a single penny in compensation for any of their services or their entities services associated with *The Outsider* before MILLER and SKY HARBOR were fully compensated for the amounts due them pursuant to said contracts.

44.    Based on this representation by MARK and CHRISTINE, who were MILLER'S managers and thus owed MILLER and his loan out company SKY HARBOR a fiduciary duty, MILLER stated he would agree to be paid the monies he and SKY HARBOR were owed on a deferred basis and before MARK or CHRISTINE or any of their entities were to be paid any compensation for their services related to the project *The Outsider*, and asked MARK and CHRISTINE to draw up written deferment contracts to make the agreement official.

45.    Plaintiffs are informed and believe that MARK and CHRISTINE, on behalf of OUTSIDER, drafted an Amendment Agreement to the Option/Purchase Agreement in or about December 2012 and sent said Amendment Agreement to MILLER to sign.  Said Amendment Agreement stated that OUTSIDER would pay MILLER an advance fee of $1.00, and that the balance of the $15,000.00 purchase price due MILLER would be paid on a deferred basis on a pro rata, pari passu basis with deferred payments to be paid to any other individuals."  Said Amendment Agreement expressly stated that it was only seeking to amend Paragraph 2(a) of the Option/Purchase Agreement and that all other provisions of the Option/Purchase Agreement were "confirmed."  As such, said Amendment confirmed that paragraph 7 of the Option/Purchase Agreement remained in full force and effect and that none of MILLER's rights to *The Outsider* would transfer to anyone until the full payment of the purchase price was received by MILLER. MILLER signed this Amendment Agreement and sent back his signed copy of the Amendment Agreement to MARK and CHRISTINE.  However, no one from OUTSIDER ever sent MILLER a countersigned and fully executed copy of the Amendment Agreement and no one from OUTSIDER ever paid MILLER the $1.00 advanced compensation that was due upon full execution

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

of the Amendment Agreement.  A true and correct copy of the Amendment Agreement is attached hereto as **Exhibit "3"** and is made a part hereof by this reference.

46.    As a direct result of the fact that no one from OUTSIDER ever countersigned said Amendment Agreement or paid MILLER his advanced compensation of $1.00, the Amendment Agreement never went into effect because it was not executed by all parties and due to a complete and total failure of compensation.

47.    MILLER had also made repeated requests of OUTSIDER through MARK and CHRISTINE to provide MILLER with a deferment agreement for his director services.  However, at no time did anyone from OUTSIDER provide MILLER or SKY HARBOR with such a written deferment agreement, and as such, there does not exist any deferment agreement for MILLER's director services provided for *The Outsider.*

48.    Based upon his new oral agreement made though MARK and CHRISTINE, FAIRBRASS performed all services required of him and his loan out company ONE TOUCH.  In contrast, OUTSIDER only paid ONE TOUCH $4,709.68.  OUTSIDER has since confirmed in writing as late as September 2013 that it owes FAIRBRASS a debt for his services associated with *The Outsider* in an approximate amount of $35,756.00.  However, to date, OUTSIDER has failed to pay any portion of the monies due FAIRBRASS for said acting services already provided or to reimburse FAIRBRASS any of his out-of-pocket expenses associated with *The Outsider.*

49.    Based upon his two written agreements made though MARK and CHRISTINE on behalf of ZGE and OUTSIDER, MILLER performed all services required of him and his loan out company SKY HARBOR and delivered the picture *The Outsider* to OUTSIDER and MARK and CHRISTINE under budget by approximately $300,000.00.  In contrast, to date, OUTSIDER has not paid MILLER or SKY HARBOR a single dollar for his services associated *The Outsider* or for the script or related to an agreement to defer compensation.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

50.    Plaintiffs are informed and believe that MARK and CHRISTINE have, in direct contrast to their representations to PLAINTIFFS, taken monies out of the budget for *The Outsider* to compensate themselves and their entities.

51.    Plaintiffs are informed and believe that MARK and CHRISTINE, OUTSIDER, and their agents, have improperly taken monies from the budget of *The Outsider* earmarked to pay MILLER, SKY HARBOR, FAIRBRASS, and ONE TOUCH and have misappropriated those monies for other purposes not yet known.

52.    Plaintiffs are informed and believe that MARK and CHRISTINE, on behalf of themselves and OUTSIDER, have altered the accounting for *The Outsider* and have fabricated transactions and expenses in order to manipulate the real accounting of the profits and expenses truly associated with *The Outsider* in order to defraud creditors, investors and specifically anyone to whom contingent compensation would be owed, inclusive of MILLER and SKY HARBOR.   MILLER has made several demands of MARK and CHRISTINE for a proper accounting and inspection of the books of OUTSIDER and those associated with *The Outsider*, but to date, MARK and CHRISTINE have refused to cooperate and provide an actual accounting or proper backup for claimed expenses – which themselves contain contradictions and were apparently invented and had never been paid or that were never properly incurred.

53.    As a direct result of Defendants MARK, CHRISTINE, OUTSIDER, and ZGE failing to complete the consideration, or assure that such consideration is paid, that is owed to Plaintiffs pursuant to the aforementioned contracts, Defendants, and each of them, have failed to adequately acquire any contracted-for waiver or transfer of Plaintiffs' Copyrights in *The Outsider* and, as of the date of the filing of this Complaint, possess no rights whatsoever to *The Outsider* or the script for *The Outsider* in any manner. As such, Defendants, and each of them, are currently unlawfully exploiting *The Outsider* and illegally profiting from such exploitation, all in direct violation of Plaintiffs' Copyrights.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Defendants ZGE and OUTSIDER)

54.    Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 53 as though fully set forth herein.

55.    As stated above, on or about June 14, 2012, MILLER, based upon the advice of his managers MARK and CHRISTINE and ZGM, entered into a written Option/Purchase Agreement with ZGE, which MARK and CHRISTINE had their company ZGE prepare and send to MILLER to sign.  Therein, ZGE agreed to option *The Outsider* from MILLER for the purchase price of $15,000.00 in fixed compensation, and contingent compensation of 2.5% of 100% net proceeds.  A true and correct copy of said agreement as signed is attached hereto as **Exhibit "1"** and is made a part hereof by this reference. Said agreement specifically states at paragraph 7 therein that MILLER's rights in *The Outsider only* transfer to ZGE *after* full and complete payment of the $15,000.00 purchase price is completed. As such, said agreement expressly states that ZGE has no rights whatsoever in *The Outsider* until said purchase price is completed.

56.    Plaintiffs are further informed that said Option/Purchase Agreement was subsequently assigned to Defendant OUTSIDER in or about September 2012.

57.    MILLER has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Option/Purchase contract. MILLER has demanded payment, in writing, from ZGE and OUTSIDER through several correspondences by email, facsimile, U.S. mail, and Federal Express, including a specific letter sent on September 30, 2013, and more than thirteen days have expired from the time that each such written notice of breach was sent, without said Defendants, and each of them, making any payments to MILLER.

58.    Defendants OUTSIDER and ZGE have breached said contract by failing to pay MILLER any fixed purchase price or contingent compensation despite MILLER

demanding that said compensation be paid.  In addition, Defendants OUTSIDER and ZGE have breached said agreement by, amongst other things, exercising rights over the screenplay *The Outsider* that they contractually do not have, failing to provide honest and accurate accountings and by falsifying the records and expenses so as to deprive MILLER from being paid any contingent compensation pursuant to said contract.

59.    As a direct and proximate result of Defendants OUTSIDER's and ZGE's breach, Plaintiff MILLER has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Defendant OUTSIDER)

60.    Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 59 as though fully set forth herein.

61.    As stated above, MILLER is also a well established director of feature films. Thus, on or about October, 2012, MILLER, on behalf of himself and SKY HARBOR, and based upon the advice of their managers MARK and CHRISTINE, entered into a written Director Agreement with OUTSIDER, which MARK and CHRISTINE had their company OUTSIDER prepare and send to MILLER to sign. Therein, OUTSIDER agreed to pay SKY HARBOR for MILLER's director services in the amount of $50,000.00 in fixed compensation, and contingent compensation of 5% of 100% of adjusted gross proceeds.  A true and correct copy of said agreement as signed is attached hereto as **Exhibit "2"** and is made a part hereof by this reference.

62.    MILLER and SKY HARBOR have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of said Director Agreement.

63.    Defendant OUTSIDER has breached said contract by failing to pay MILLER or SKY HARBOR any fixed or contingent compensation despite MILLER and SKY HARBOR demanding that said compensation be paid. In addition, Defendant OUTSIDER has breached said agreement by, amongst other things, failing to provide

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

honest and accurate accountings and by falsifying the records and expenses so as to deprive MILLER from being paid any contingent compensation pursuant to said contract. MILLER and SKY HARBOR have demanded performance, in writing, from OUTSIDER through several correspondences by email, facsimile, U.S. mail, and Federal Express, including a specific letter sent on September 30, 2013, and more than thirteen days have expired from the time that each such written notice of breach was sent, without said Defendants, and each of them, making any payments to MILLER or otherwise curing their breach.

64.   As a direct and proximate result of Defendant OUTSIDER's breach, Plaintiff MILLER and SKY HARBOR have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT
### (Against Defendant OUTSIDER)

65.   Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 64 as though fully set forth herein.

66.   As stated above, in or about October 2012, MARK and CHRISTINE orally contracted on behalf of OUTSIDER with FAIRBRASS' loan out company ONE TOUCH to have FAIRBRASS provide acting services in *The Outsider* for a salary of $30,000.00 plus expenses. FAIRBRASS on behalf of himself and ONE TOUCH agreed to this contract and performed by flying out to Louisiana to provide acting services.

67.   Plaintiffs are informed and believe that once FAIRBRASS had traveled to Louisiana to perform his acting services, MARK and CHRISTINE informed FAIRBRASS that there was an issue with funding of the project, and they stated that they needed to pay for certain items on deferment. As such, MARK and CHRISTINE advised FAIRBRASS as his managers that MARK and CHRISTINE would defer all compensation due to them and their entities if FAIRBRASS would agree to accept an advanced fee of $25,000 for the signing of a Screen Actors Guild agreement for chain

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA  90024
Tel.: 310.446.9900 • Fax: 310.446.9909

of title of copyright purposes only, and then agree to defer payment of an increased salary of an additional $15,000.00 for a total of $40,000.00 plus expenses. In order to induce FAIRBRASS to enter into such an agreement, MARK and CHRISTINE's represented that neither they personally, nor their entities (e.g. OUTSIDER, etc.), would accept a single penny of compensation until after FAIRBRASS was fully compensated under this new arrangement. Based on this representation by MARK and CHRISTINE, who were FAIRBRASS' managers and thus owed FAIRBRASS a fiduciary duty, FAIRBRASS orally agreed to a salary of $40,000.00 for his acting services, plus expenses, to be paid by way of an initial payment of $25,000.00 in advance and $15,000.00 to be paid on a deferred basis and before MARK or CHRISTINE or any of their entities were to be paid any compensation for their services related to the project *The Outsider*.  In addition, FAIRBRASS signed an incomplete SAG agreement, as he was advised to do by his managers MARK and CHRISTINE, that he was told by MARK and CHRISTINE was purely for chain of title purposes but would in no way affect OUTSIDER's obligation to pay FAIRBRASS $40,000.00 plus expenses.

68.    FAIRBRASS and ONE TOUCH have fully performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of said Oral Agreement.

69.    Defendant OUTSIDER has breached said contract by failing to pay FAIRBRASS or ONE TOUCH $25,000.00 in advanced compensation despite FAIRBRASS and ONE TOUCH demanding that said compensation be paid.  In addition, Defendant OUTSIDER has breached said agreement by, amongst other things, failing to pay FAIRBRASS or ONE TOUCH any deferred compensation or reimbursement for allowed expenses despite the fact that MARK and CHRISTINE paid themselves through OUTSIDER producer's fees and other compensation and reimbursement of expenses, despite FAIRBRASS and ONE TOUCH demanding that said compensation be paid.

70.    Defendant OUTSIDER has acknowledged in writing that OUTSIDER owes FAIRBRASS and/or ONE TOUCH moneys due pursuant to this oral agreement.

71.    As a direct and proximate result of Defendant OUTSIDER's breach, Plaintiffs FAIRBRASS and ONE TOUCH have been damaged in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION BREACH OF FIDUCIARY DUTY

#### (Against Defendants MARK, CHRISTINE and ZGM)

72.    Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 71 as though fully set forth herein.

73.    In California, talent managers are deemed to act as a fiduciary to the artist, and as such owe the artist the highest duty of loyalty. Such an obligation demands that the representative manager act in the artist's best interests, and requires disclosure of the existence of any conflict of interest. The duty of loyalty requires that a fiduciary under no circumstances self-deal, or put his or her personal interests before the artist's interests. Significantly, this fiduciary duty can exist regardless of whether there is a formal contract.

74.    Additionally, each representative talent manager owes the artist a duty to act with reasonable care in performing his or her role and duties. Self-dealing is prohibited and the talent manager must always put the artist's interests before his or her own or of any other person or entity.

75.    As stated above, Defendants MARK and CHRISTINE were the personal talent managers for Plaintiffs MILLER and his loan-out company SKY HARBOR, and FAIRBRASS and his loan-out company ONE TOUCH.  Defendants MARK and CHRISTINE provided talent management services to Plaintiffs through ZGM.

76.    By performing the acts alleged herein, MARK and CHRISTINE and ZGM have breached their fiduciary duty owed to Plaintiffs.  By way of example, and not limitation, said Defendants breached their fiduciary duty owed to Plaintiffs by: Taking

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

on a producer role with ZGE and OUTSIDER and putting the financial interests of themselves and Defendants, and each of them, before the financial interests of Plaintiffs; Depriving Plaintiffs of compensation due them associated with *The Outsider* while paying the other Defendants and other third parties; Falsely representing that they would forgo any personal compensation related to the film *The Outsider* until Plaintiffs have been fully paid all fixed and advanced compensation and then personally taking compensation for themselves and their related entities without paying the compensation due Plaintiffs; Knowingly and intentionally exploiting MILLER's rights to his original creation *The Outsider* for their own personal gain and without legally acquiring said rights before engaging in such exploitation;  and Falsifying records and expenses to benefit their own financial interests and the financial interests of others at Plaintiffs' expense.

77.    Plaintiffs have been damaged as a direct and proximate result of the breach of fiduciary duty owed by Defendants MARK, CHRISTINE and ZGM in an amount to be proven at trial.

78.    As a direct and proximate result of said breach of fiduciary duty by Defendants MARK, CHRISTINE and ZGM, Plaintiffs are entitled to the imposition of the remedy of a constructive trust being created in their favor for all profits that have come to Defendants MARK, CHRISTINE, ZGM or their related entities as a result of their activities associated the film *The Outsider*, as such profits were made solely by way of said breach and were acquired at the expense of Plaintiffs' interests.

79.    Managers have a duty to account to their clients.  Thus, as a direct and proximate result of said breach of fiduciary duty by Defendants MARK, CHRISTINE and ZGM, Plaintiffs are entitled to an accounting of all matters associated with the film *The Outsider* and any monies obtained or received or spent as a result of any exploitation of said film.

80.    The aforementioned conduct of the said Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to said Defendants

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

with the intention on the part of said Defendants of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION FOR FRAUD

### (Against Defendants MARK, CHRISTINE, OUTSIDER, and ZGE)

81.    Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 80 as though fully set forth herein.

82.    As stated above, Defendants MARK and CHRISTINE, as individuals and within their capacity and authority for Defendants ZGE and OUTSIDER, intentionally made certain representations to Plaintiffs that they knew or should have known to be false in order to get Plaintiffs to agree to certain deferments of compensation and to otherwise provide services and enter into agreements that they otherwise would not have but for such representations.

83.    By way of example, and not limitation, Defendants MARK and CHRISTINE, as individuals and within their capacity and authority for Defendant OUTSIDER, told FAIRBRASS and his loan-out company ONE TOUCH in or about October 2012: they would be paid advanced compensation from the budget for the film *The Outsider* for FAIRBRASS' acting services in the amount of $25,000.00 plus expenses immediately and paid on deferment of an additional $15,000.00; and that neither Defendants MARK or CHRISTINE nor their related entities would be paid a single penny for anything having to do with *The Outsider* until said payments were made.  Defendants MARK and CHRISTINE also told FAIRBRASS that the signing of the incomplete SAG Agreement would in no way prevent FAIRBRASS from being paid his $40,000.00 acting fee plus expenses.

84.    By way of further example, and not limitation, Defendants MARK and CHRISTINE, as individuals and within their capacity and authority for Defendant

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

OUTSIDER and ZGE, told MILLER and his loan-out company SKY HARBOR in or about June and December 2012: they would be paid advanced compensation from the budget for the film *The Outsider* for MILLER's directing services acting services $50,000.00 plus expenses immediately plus contingent compensation; and to the extent that the Amendment to the purchase agreement is enforceable, that MILLER would be paid his $15,000.00 writer fee before Defendants MARK or CHRISTINE or their related entities would be paid a single penny for anything having to do with *The Outsider*.   Defendants MARK and CHRISTINE, as individuals and within their capacity and authority for Defendant OUTSIDER and ZGE, also told MILLER twice in writing that they would not exploit or claim to possess MILLER's rights to the screenplay *The Outsider* until he was paid in full his purchase price.

85.    Plaintiffs reasonably relied upon said statements and provided services based on such reliance.

86.    Plaintiffs' reliance on said statements was reasonable because Defendants MARK and CHRISTINE had a fiduciary relationship with Plaintiffs, which required them to assure that Plaintiffs' interests were to be put before the interests of anyone or any other entity with which Defendants MARK and CHRISTINE were involved.

87.    The statements were knowingly false because at the time that they were made, Defendants MARK, CHRISTINE and OUTSIDER knew or should have known that they were already taking monies from the budget of the film *The Outsider* earmarked to pay Plaintiffs and misappropriating them to pay themselves or other items for the benefit of their related entities.   In fact, Plaintiffs have been informed and believe that Defendants MARK and CHRISTINE, on behalf of themselves and their related entities, had paid themselves a producer fee without deferment and have made no attempt to pay Plaintiffs any of the moneys that were due them at any time, including the purchase price for the screenplay *The Outsider*.

88.    As a direct and proximate result of said Defendants' conduct, Plaintiffs have been harmed and have suffered damages in an amount to be proven at trial.

89.     The aforementioned conduct of the said Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to said Defendants with the intention on the part of said Defendants of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

### (Against all Defendants)

90.     Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 89 as though fully set forth herein.

91.     Plaintiff MILLER is, and at all times relevant to the matters alleged in this Complaint, was engaged in the business of creating motion pictures by writing original screenplays and directing their production.

92.     Plaintiff FAIRBRASS is, and at all times relevant to the matters alleged in this Complaint, was engaged in the business of creating motion pictures by providing "on screen" acting services.

93.     Plaintiff MILLER wrote the original screenplay *The Outsider* and is the owner of the copyrights to thereto.

94.     As stated above, Defendant ZGE contracted with Plaintiff MILLER to purchase the copyrights to the original screenplay *The Outsider,* which obligated ZGE to pay an advanced fee of $15,000.00 before any copyrights associated with *The Outsider* would be transferred from MILLER to ZGE.  ZGE failed to pay MILLER any compensation whatsoever for this purchase.

95.     Plaintiffs are informed and believe that in or about September 2012, ZGE assigned said purchase contract to Defendant OUTSIDER.  However, OUTSIDER also failed to pay MILLER any compensation for the copyrights associated with *The Outsider*.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA  90024
Tel.: 310.446.9900 • Fax: 310.446.9909

96.    Plaintiffs are informed and believe that in or about December 2012, Defendant OUTSIDER attempted to enter into a deferment agreement with MILLER of the advanced compensation of $15,000.00.  However OUTSIDER never countersigned said deferment agreement and never paid MILLER the compensation due to be paid by OUTSIDER to MILLER thereunder.  As such, the deferment agreement was never formed and has no legal effect. However, in the alternative,  assuming that said Deferment Agreement amending the Option/Purchase Agreement did form, said Amendment Agreement expressly stated that it was only seeking to amend Paragraph 2(a) of the Option/Purchase Agreement and that all other provisions of the Option/Purchase Agreement were "confirmed."  As such, said Amendment confirmed that paragraph 7 of the Option/Purchase Agreement remained in full force and effect and that none of MILLER's rights to *The Outsider* would transfer to anyone until the full payment of the purchase price was received by MILLER, which it never was.

97.    Since neither Defendant ZGE, nor Defendant OUTSIDER, have paid MILLER any compensation whatsoever for his original screenplay *The Outsider*, neither Defendant ZGE nor Defendant OUTSIDER have legally obtained any rights to exploit or use MILLER's copyrighted original screenplay *The Outsider* for any purpose whatsoever.  As such, Plaintiffs are informed and believe that, as of the date of this Complaint, MILLER remains the sole copyright owner to the exclusion of all others of the original screenplay *The Outsider*.

98.    In addition, and as stated above, in or about October 2012, Defendant OUTSIDER contracted with Plaintiff MILLER's loan-out company SKY HARBOR for MILLER to be the principal director of the film *The Outsider* and agreed to pay MILLER $50,000.00 in advanced fixed compensation, in addition to certain contingent compensation.

99.    Plaintiffs SKY HARBOR and MILLER dutifully performed original creative services in making of *The Outsider* and filming its theatrical creation.  As such, Plaintiff MILLER, through his company SKY HARBOR, is the owner of such

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

original and creative expression of his original work product as the principal director of said film.

100. Defendant OUTSIDER was obligated to pay SKY HARBOR compensation for MILLER's release of his copyrights in the film *The Outsider*. OUTSIDER has, to date, not paid MILLER or SKY HARBOR any compensation whatsoever for MILLER's original and creative director services associated with the film *The Outsider*, nor has OUTSIDER obtained any written deferment agreement of the compensation due SKY HARBOR or MILLER for MILLER's director services and his copyrights therein.

101. Since Defendant OUTSIDER has not paid SKY HARBOR or MILLER any compensation whatsoever for MILLER's original creative director services as principal director of *The Outsider*, Defendant OUTSIDER has not legally obtained any rights to exploit or use MILLER's or SKY HARBOR's copyrighted original and creative work associated with making *The Outsider* for any purpose whatsoever. As such, Plaintiffs are informed and believe that, as of the date of this Complaint, SKY HARBOR and/or MILLER remain the sole copyright owner of MILLER's original and creative services associated with *The Outsider*.

102. Plaintiffs are informed and believe that, in or about October 2012, Defendant OUTSIDER contracted with FAIRBRASS through his loan-out company ONE TOUCH for FAIRBRASS to provide an original and creative on-screen performance as an actor in *The Outsider*. Defendant OUTSIDER had agreed to pay FAIRBRASS, though ONE TOUCH, $25,000.00 in advanced compensation and $15,000.00 in deferred compensation for his original and creative on-screen performance in the film *The Outsider*.

103. Plaintiff FAIRBRASS dutifully performed original and creative on-screen acting services in the film *The Outsider*. However, OUTSIDER failed to pay, and to date still has not paid, FAIRBRASS or ONE TOUCH his full advanced $25,000.00. As such, OUTSIDER has not provided FAIRBRASS or ONE TOUCH adequate

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

compensation to obtain any release of FAIRBRASS or ONE TOUCH of any copyrights in FAIRBRASS' performance in the film *The Outsider*.  As such, FAIRBRASS and/or ONE TOUCH remain the sole copyright owner of FAIRBRASS' original and creative performance associated with *The Outsider*.

104.   Plaintiffs are informed and believe that Defendants, and each of them, willfully violated Plaintiffs' copyright rights to prepare, to exploit, to distribute and to publish the film *The Outsider*.  Despite not having properly secured proper title to the various copyrights in the film *The Outsider* from Plaintiffs, Defendants, and each of them, have exploited the film *The Outsider* by publishing it, exhibiting it, releasing it, broadcasting it, and selling it for profit, all in violation of Plaintiffs' copyrights.

105.   Plaintiffs are informed and believe that Defendants, and each of them, have exploited *The Outsider* worldwide and have profited over $800,000.00 from such exploitation.

106.   As a result of Defendants' conduct, Plaintiffs have suffered damages in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (Against all Defendants)

107.   Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 106 as though fully set forth herein.

108.   As stated above, Defendants OUTSIDER and/or ZGE failed to obtain proper ownership or transfers of Plaintiffs' copyrights in the film *The Outsider*, and as such, said copyrights are owned by Plaintiffs.

109.   Plaintiffs are informed and believe that Defendants ZGM, MARK, CHRISTINE, HMB, AXUME, BRUCE, CAMPBELL, GOLDFINE, HEWITT, NOTO, SACKS, SEXTON, AND WRIGHT (collectively "PRODUCER

DEFENDANTS") are all credited in their individual and/or official capacities as being a producer, executive or otherwise, of the film *The Outsider*.

110.   Plaintiffs are informed and believe that Defendants PREMIERE and IMAGE (collectively "DISTRIBUTOR DEFENDANTS") are the entities responsible for exploiting the film *The Outsider* through distribution and foreign sales.

111.   Plaintiffs are informed and believe that each of the PRODUCER DEFENDANTS and DISTRIBUTOR DEFENDANTS have participated in exploiting Plaintiffs' copyrights through its exhibition and sale. Plaintiffs are informed and believe that each of said PRODUCER DEFENDANTS and DISTRIBUTOR DEFENDANTS to this claim for relief materially contributed to the infringement of the copyrighted work *The Outsider* for their own profit.

112.   By way of example, and not limitation, most of the PRODUCER DEFENDANTS run and or operate the DISTRIBUTOR DEFENDANTS, OUTSIDER and/or ZGE, and are intimately familiar with the fact that Plaintiffs have not been compensated for their copyright releases.  What is more, despite the fact that Plaintiff MILLER had previously published to all Defendants, and each of them, that he had not been paid on his writer purchase agreement, and that such agreement was not deferred, Defendants and each of them continued their activities to exhibit, sell and exploit the film *The Outsider* for their own profit and without paying Plaintiffs the amounts they were owed to obtain proper title to said film.

113.   As a result of each of the acts of infringement conduct stated herein by each Defendant, Plaintiffs have suffered damages in amounts to be determined at trial.

## EIGHTH CAUSE OF ACTION FOR VICARIOUS COPYRIGHT INFRINGEMENT

### (Against all Defendants)

114.   Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 113 as though fully set forth herein.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

115.   At all times relevant hereto, Plaintiffs have been and remain the owners of all copyright rights in and to the original creative work, *The Outsider*, in all of its advancing, original, unique and protected permutations.

116.   On information and belief, Defendants, and each of them, violated Plaintiffs' exclusive right to prepare, to exploit, to distribute and to publish and create motion pictures and other derivative works based upon the copyrighted work titled *The Outsider.*

117.   Specifically, Plaintiffs are informed and believe that Defendants, and each of them willfully exploited, distributed, and published *The Outsider* for their own profit without first procuring through completed contracts and adequate compensation the copyright rights from Plaintiffs to engage in such exploitation.

118.   Plaintiffs are informed and believe that each Defendant maintained the right and ability to control their infringing conduct. As such, each Defendants' actions were an essential step in allowing the infringement to take place. Specifically, without the work of each Defendant, *The Outsider* would not have been distributed, exhibited, licensed or sold in violation of Plaintiffs' copyright rights.

119.   Plaintiffs are informed and believe that each Defendant had direct control over the original copyrighted screenplay and feature film *The Outsider*, which they later disseminated and exploited for the benefit of themselves.  Further, each Defendant helped to orchestrate the infringing work knowing that the copyrights had not yet been fully secured from Plaintiffs. Additionally, Defendants, and each of them, produced the infringing work, and while advancing the infringing works, allowed the infringement to come to life.

120.   Plaintiffs are informed and believe that Defendants, and each of them, either funded, disseminated, distributed, and/or controlled the facilities and resources that were used to perpetuate the infringement.

///

///

121.   Plaintiffs are informed and believe that each Defendant had/has a direct and obvious financial interest in the exploitation and infringement of the copyrighted original screenplay and movie *The Outsider*.

122.   As a result of each of the willful and vicarious infringement conduct stated herein by each Defendant, Plaintiffs have suffered damages in amounts to be determined at trial.

## NINTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT

### (Against all Defendants)

123.   Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 122 as though fully set forth herein.

124.   An actual controversy has arisen and now exists between the Plaintiffs and Defendants, and each of them. Plaintiffs contend that they are the proper owners of the copyright rights mentioned above because Defendants OUTSIDER and/or ZGE have failed to pay Plaintiffs the consideration necessary to contractually procure said copyright rights. Defendants, and each of them, disagree.

125.   Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to whether the Plaintiffs are the owners of the copyrights identified herein.

126.   The declaration and judgment are necessary and appropriate at this time in order that Plaintiffs may ascertain their rights and duties associated with the film *The Outsider*.

## TENTH CAUSE OF ACTION FOR ACCOUNTING

### (Against all Defendants)

127.   Plaintiffs repeat, allege and incorporate by reference each of the allegations set forth in this Complaint in Paragraphs 1 through 126 as though fully set forth herein.

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

128. Plaintiffs MILLER and SKY HARBOR are contractually entitled to certain contingent compensation associated with the film *The Outsider.*

129. Plaintiffs also have copyright rights that were violated by Defendants, and each of them, due to said Defendants unlawful exploitation for profit of the screenplay and film *The Outsider.*

130. Additionally, Defendants MARK, CHRISTINE, and ZGM have a legal duty as Plaintiffs' talent managers to account to Plaintiffs all moneys earned by themselves and their associated persons or entities with regard to any moneys derived from any exploitation of *The Outsider.*

131. Defendants, and each of them, have refused to properly account for any of the profits associated with *The Outsider.* As such, Plaintiffs do not know the total amount of monies due to them under the aforementioned agreements or pursuant to their copyright rights or pursuant to those moneys personally earned as a result of Defendants MARK, CHRISTINE, and ZGM exploiting their fiduciary position with Plaintiffs to Plaintiffs' detriment and Defendants', and each of their, benefit.

132. Plaintiffs are informed and believe that Defendants, and each of them, possess records from which the full amounts of moneys due and owing to Plaintiffs can be determined.

133. Because it is impossible for Plaintiffs to determine the total amount of moneys due without a detailed review of Defendants' books and records and/or discovery in this action, Plaintiffs seek among other things, an accounting of books and records in the possession of each Defendant associated with *The Outsider*, including the tracing of any moneys associated with *The Outsider* that may have been improperly diverted into other entities or projects in which any of the Defendants are involved.

///

///

///

///

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

**First Cause of Action for Breach of Written Contract:**

1. For compensatory damages in an amount according to proof;
2. For pre-judgment interest in an amount according to proof;
3. For reasonable attorney's fees according to proof;
4. For costs of suit; and
5. For such other and further relief as the court may deem proper.

**Second Cause of Action for Breach of Written Contract:**

1. For compensatory damages in an amount according to proof;
2. For pre-judgment interest in an amount according to proof;
3. For reasonable attorney's fees according to proof;
4. For costs of suit; and
5. For such other and further relief as the court may deem proper.

**Third Cause of Action for Breach of Oral Contract:**

1. For compensatory damages in an amount according to proof;
2. For pre-judgment interest in an amount according to proof;
3. For costs of suit; and
4. For such other and further relief as the court may deem proper.

**Fourth Cause of Action for Breach of Fiduciary Duty:**

1. For general damages in an amount according to proof;
2. For pre-judgment interest in an amount according to proof;
3. For exemplary and punitive damages;
4. For reasonable attorney's fees in an amount according to proof;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

**Fifth Cause of Action for Fraud**

1. For general damages in an amount according to proof;

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

2. For special damages in an amount according to proof;

3. For punitive damages in an amount appropriate to punish the Defendants and deter others from engaging in similar misconduct;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem proper.

**Sixth Cause of Action for Copyright Infringement:**

1. For Plaintiffs to have and recover from Defendants all damages recoverable for the Defendants' willful copyright infringement, including all actual damages sustained by Plaintiffs;

2. All profits received by the Defendants associated with *The Outsider*;

3. An award of attorneys' fees and costs, or, at the election of Plaintiffs, an award of statutory damages;

4. For prejudgment interest at the highest legal rate from the date of the infringement; and

5. For punitive damages as allowed by law.

**Seventh Cause of Action for Contributory Copyright Infringement:**

1. For Plaintiffs to have and recover from Defendants all damages recoverable for Defendants' contributory copyright infringement, including all actual damages sustained by Plaintiffs;

2. All profits received by the Defendants associated with *The Outsider*;

3. An award of attorneys' fees and costs, or, at the election of Plaintiffs, an award of statutory damages;

4. For prejudgment interest at the highest legal rate from the date of the infringement; and

5. For punitive damages as allowed by law.

///

///

///

**Eighth Cause of Action for Vicarious Copyright Infringement**

1. For Plaintiffs to have and recover from Defendants all damages recoverable for Defendants' vicarious copyright infringement, including all actual damages sustained by Plaintiffs;

2. All profits received by the Defendants associated with *The Outsider*;

3. An award of attorneys' fees and costs, or, at the election of Plaintiffs, an award of statutory damages;

4. For prejudgment interest at the highest legal rate from the date of the infringement; and

5. For punitive damages as allowed by law.

**Ninth Cause of Action for Declaratory Judgment:**

1. For a judicial determination of Plaintiffs' rights and duties and a declaration that Defendants' failure to pay on the contracts means that certain copyrights related to the film *The Outsider* are the owned by Plaintiffs;

2. For costs of suit herein incurred; and

3. For such other and further relief as the court may deem proper.

**Tenth Cause of Action for Accounting:**

1. For a full and complete accounting with respect to all revenues derived by Defendants in order to determine what profits, royalties, and other compensation to which Plaintiffs are entitled;

2. For reasonable attorney's fees according to proof;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

Dated: July 25, 2014

**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE LLP**

/s Michael J. Saltz
Michael J. Saltz
Attorneys for Plaintiffs

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909